IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZINA ABDULLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 12-243E |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 7 and 11). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 8, 12 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (Docket No. 7) and denying Defendant's Motion for Summary Judgment. (Docket No. 11).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed an application for benefits on December 29, 2009, alleging she had been disabled since December 1, 2008. (Docket Nos. 6-5, p.2 Administrative Law Judge ("ALJ"), Barbara Powell, held a hearing on April 13, 2011. (Docket No. 6-2, pp. 30-65). On May 3, 2011, the ALJ found that Plaintiff was not disabled under the Social

---
[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

1

Security Act. (Docket No. 6-2, pp 12-25). After exhausting all administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 7 and 11). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **STANDARD OF REVIEW**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when

2

evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. ASSESSMENT OF PLAINTIFF'S MENTAL IMPAIRMENTS[2]

Plaintiff submits that the ALJ erred in evaluating Plaintiff's mental impairments. (ECF No. 8, pp. 11-28 and No. 13, pp. 7-14). Specifically, Plaintiff argues that ALJ erred in assigning her treating psychiatric nurse practitioner, Rose Ann Flick (CRNP), "little weight," while assigning the non-examining state agency psychologist, Dr. Kerry Brace, "significant weight," and assigning state agency consultant, Dr. Glenn Bailey, "some weight." (ECF No. 8, pp. 11-23; No. 13, pp. 7-14). I will address each in turn.

---

[2] Plaintiff takes issue only with the findings related to her mental impairments. *See,* ECF No. 8. As a result, my discussion is limited to the same.

3

### 1. Treating psychiatric nurse practitioner, Rose Ann Flick, CRNP

Rose Ann Flick, a certified registered nurse practitioner ("CRNP"), treated Plaintiff at Stairways Behavior Health. (ECF No. 6-8, pp. 45-63). As Plaintiff acknowledges, a nurse practitioner is not "an acceptable medical source" in assessing a claimant's disability but, rather, is considered an "other source." SSR 06-03p. Therefore, a nurse practitioner's opinions cannot establish the existence of a medically determinable impairment. SSR 06-03p; *Chandler v. Comm'er of S.S.,* 677 F.3d 356, 361-362 (3d Cir. 2011); *see, Hartranft v. Apfel,* 181 F.3d 358, 361 (3d Cir. 1999); see also, SSR 06-03p; 20 C.F. R. §416.913(a) and §404.1513(a), (e). Social Security Ruling 06-03p provides, however, that an ALJ will consider evidence from such "other sources" in determining whether a disability exits as they may provide insight into the severity of the impairment and the ability of the individual to function. As such, an ALJ should weigh this evidence with the rest of the evidence using the same factors, including: how long the source has known and how frequently the source has seen the individual; how consistent the opinion is with other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion; whether the source has a specialty or area of expertise related to the individual's impairment; and, any other factor that tends to support or refute the opinion. *Id*.

Here, the ALJ assigned little weight to Ms. Flick's opinion that Plaintiff is "totally" unable to maintain regular attendance and "totally" unable to interact appropriately with co-workers or supervisors because: 1) it is inconsistent with Dr. Simora's notes that Plaintiff's symptoms could be controlled if the claimant is compliant with her medications; 2) Plaintiff has been noted as stabilized with medications; and 3) it is not well-supported by the medical evidence of record. (ECF No. 6-2, p. 10-11). Plaintiff first takes issue with the ALJ's use of the word "totally." (ECF No. 8, pp. 18-19. It is true that Ms. Flick technically did not use the word totally in her opinion. (ECF No. 6-8, p. 45). When asked if Plaintiff was capable of maintaining regular attendance and

whether she would be capable of interacting appropriately with fellow workers and supervisors, however, Ms. Flick responded "No" to both questions. *Id.* Ms. Flick could have qualified her answer, as she had done in her response to a subsequent question, but she did not qualify her response to those two questions. *Id.* Since there is no qualification by Ms. Flick as to the first two questions, the ALJ's the use of the term "totally" in describing her opinion was reasonable and supported. Therefore, I find no error on the part of the ALJ in this regard.

Plaintiff next submits that the ALJ's reasons for assigning little weight to Ms. Flick's opinions are in error. As to the first reason given by the ALJ, Plaintiff argues that the record does not support the ALJ's statement that "Dr. Simora's notes demonstrate that the claimant's symptoms could be controlled, if the claimant remains compliant with her medication." (ECF No. 8, pp. 19-20). After a review of the record, I find that much of Dr. Simora's notes and records are completely illegible. (ECF No. 6-9, pp. 2-10). An ALJ has the duty to fully develop the record to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir. 1995). In attempting to review Dr. Simora's notes, I cannot find support for the ALJ's statement. (ECF No. 6-9, pp. 2-10). Therefore, I cannot find that this reason for discrediting Ms. Flick was supported by substantial evidence.

As to the second reason given by the ALJ for assigning little weight to Ms. Flick's opinions, Plaintiff argues that the ALJ erred when he used the fact that Plaintiff attended her mental health treatment sessions at Stairways Behavioral Health Center against her. (ECF No. 8, pp. 20-21). The ALJ stated that "the claimant is currently and consistently appearing for her scheduled appointments with the Stairways behavioral health center (sic) and due to her compliance, she has been noted as stabilized with medication." (ECF No. 6-2, p. 22). Plaintiff, specifically, argues that the ALJ fails to "explain why receiving mental health treatment contradicts CRNP Flick's opinions…." *Id.* at 20. After a review of the record, I agree with Plaintiff. Nowhere in the records of Stairways does it states that Plaintiff is stable on her current medications because of

5

her consistent appearance at her appointments. (ECF No. 6-8, pp. 46-63). Rather, the record simply indicates that Plaintiff was stable on her current medications without more. (ECF No. 6-8, p. 46, 48 and 51). Moreover, Plaintiff's stability on medications in structured and supportive settings does not necessarily support a conclusion that she can return to work. *See, Morales v. Apfel,* 225 F.3d 310, 319 (3d Cir. 2000); *Brownawell v. Comm'er of Soc. Sec.*, 554 F.3d 352, 355-56 (3d Cir. 2008) (noting that a doctor's observation that a patient is "'stable and well controlled with medication during treatment does not [necessarily] support the medical conclusion that [the patient] can return to work.") For example, in *Morales,* the Third Circuit held that it was improper for the ALJ to reject a doctor's opinion that a plaintiff's mental impairments rendered him markedly limited in a number of relevant work-related activities based on his notes that the plaintiff was stable with medication. *Id.*

> The relevant inquiry with regard to a disability determination is whether the claimant's condition prevents him from engaging in substantial gainful activity. *See* 42 U.S.C. § 423(d)(1)(A). For a person, such as Morales, who suffers from an affective or personality disorder marked by anxiety, the work environment is completely different from home or a mental health clinic. Dr. Erro's observations that Morales is "stable and well controlled with medication" during treatment does not support the medical conclusion that Morales can return to work. Dr. Erro, despite his notation, opined that Morales's mental impairment rendered him markedly limited in a number of relevant work-related activities. Other information in the treatment records supports this opinion. Thus, Dr. Erro's opinion that Morales's ability to function is seriously impaired or nonexistent in every area related to work shall not be supplanted by an inference gleaned from treatment records reporting on the claimant in an environment absent of the stresses that accompany the work setting.

*Id.*

While the records from Stairways indicate that Plaintiff was stable on her current medications, Plaintiff's medications were changed and/or increased. (ECF No. 6-8, p. 46-51). Additionally, Plaintiff was noted as having, *inter alia,* intense and unrealistic fears and anxieties, visual and auditory hallucinations, and depression. *Id.* Thus, based on the above, I find that the

6

ALJ's second reason for assigning little weight to Ms. Flick's opinion is not supported by substantial evidence.

Consequently, remand for proper analysis in this regard is warranted.

### 2. **<u>Non-Examining State Agency Consultant</u>**

Plaintiff argues, for various reasons, that ALJ erred in assigning "significant weight" to the opinion of the non-examining state agency consultant, Dr. Kerry Brace. (ECF No. 8 pp. 14-16; ECF No. 13, p. 8-10). The rules for evaluating medical opinions, including non-examining consultants, are set forth in 20 C.F.R. §416.927. "[B]ecause nonexamining sources have no examining or treating relationship with [the claimant], the weight [the ALJ] will give their opinions will depend on the degree to which they provide supporting explanations for their opinions. [The ALJ] will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources." 20 C.F.R. §416.927(c)(3). According to the Policy Interpretation, §416.927 provides a "progressively more rigorous tests" for weighing opinions of non-examining sources versus treating sources. SSR 96-6p. Plaintiff argues that the ALJ failed to apply this more rigorous test to the opinion of Dr. Brace.

To that end, Plaintiff submits that Dr. Brace did not consider the records of Dr. Simora. (ECF No. 8, pp. 14-16). After a review of the record, I agree. Dr. Brace's records of April 23, 2010, indicate that he only reviewed the records of state agency consultant (one-time examiner), Dr. Bailey. (ECF No. 6-8, p. 14). Dr. Simora treated Plaintiff from January 2009 through February of 2010. (ECF No. 6-9, pp. 3-10). Clearly, Dr. Simora's treating records were "pertinent evidence" that should have been considered by Dr. Brace since they predate Dr. Brace's report. 20 C.F.R. §416.927(c)(3). The ALJ does not mention whether she took Dr. Brace's failure to consider the treating doctor's records into consideration when weighing Dr. Brace's opinion. Based on the same, I am unable to conduct a meaningful review.

Plaintiff also submits that the ALJ erred in weighing Dr. Brace's opinions since she did not explain the weight she gave Dr. Brace's opinions considering that Dr. Brace did not have the benefit of reviewing the treatment records of Plaintiff that postdate Dr. Brace's opinions. After a review of the record, I agree. The ALJ merely states that he assigned "significant weight" to Dr. Brace's opinions because they were "consistent with the assigned residual functional capacity and the medical record as whole…." (ECF No. 6-2, p. 22). Simply stating the same does not make it so. Given the deficiency of the review of Dr. Brace's opinion, I am unable to say that the ALJ's opinion is supported by substantial evidence.

Moreover, I cannot say that the ALJ's reliance on Dr. Brace's opinion was proper in light of the above discussion regarding the weighing of Ms. Flick's opinion. Thus, remand for proper analysis is warranted.

### 3. Consultative Examiner

Plaintiff argues that the ALJ erred in assigning "some weight" to the opinions of one-time consultative examining psychologist, Dr. Glenn Bailey, because his opinions are internally inconsistent. . (ECF No. 8, pp. 12-14). *Id.* After a review of the record, I disagree. (ECF No. 6-7 pp. 46-55). Dr. Bailey states that Plaintiff is able to maintain her ADLs and take care of her household." (ECF No. 6-7, p. 54). I do not find that inconsistent with his statement that Plaintiff can manage her benefits in her own best interest "but her children help her at home." (ECF No. 6-7, p. 47). In considering a claimant's capacity for work, an ALJ may appropriately consider a plaintiff's activities of daily living. Thus, I find no merit to this argument.

### 4. Credibility of Plaintiff

Plaintiff's final argument is that the ALJ erred in assessing the credibility of Plaintiff. (ECF No. 8, pp. 23-28 and No. 13, pp. 3-6). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,*

500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Since I have found that the ALJ erred in assessing the medical evidence of this case, her finding regarding Plaintiff's credibility based on the same simply cannot stand. *Mason v. Shalala,* 994 F.2d 1056, 1068 (3d Cir. 1993).

Additionally, I agree with Plaintiff that the ALJ erred in finding Plaintiff less credible based on her inability to speak English. (ECF No. 6-2, pp. 19-20). The ALJ found Plaintiff to be "illiterate or unable to communicate in English." (ECF No. 6-2, p. 23). Yet, the ALJ finds Plaintiff less credible because "it was documented during her interview with the district office that she was able to answer basic questions in English," while at the hearing before the ALJ the claimant spoke through an interpreter. (ECF No. 6-2, pp. 19-20). A review of the record reveals that Plaintiff had difficulty talking and answering questions and only answered "very basic" questions in English at the district office. (ECF No. 6-6, p. 3). Other questions were answered by her son at the district office. *Id.* I find that it is unfair and highly prejudicial to find Plaintiff illiterate and unable to communicate in English and then find her entire testimony less credible because she spoke through an interpreter at the formal hearing before the ALJ. As acknowledged by the Commissioner, the record is replete with instances where Plaintiff was accompanied by an interpreter during medical examinations. (ECF No. 12, p. 3). Based on the ALJ's own finding of inability to communicate in English and the evidence of record, I find the ALJ's credibility

9

assessment is not supported by substantial evidence. This error, coupled with the errors above, prevents me from making a meaningful review. Therefore, remand of this case is warranted.

An appropriate order shall be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZINA ABDULLA, )
 )
       Plaintiff, )
 )
-vs- ) Civil Action No. 12-243E
 )
CAROLYN W. COLVIN,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
       Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 7th day of February, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is granted in part and denied in part and Defendant's Motion for Summary Judgment (Docket No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further proceedings consistent with the foregoing opinion.

               BY THE COURT:

               s/ Donetta W. Ambrose
               Donetta W. Ambrose
               United States Senior District Judge

---

[3] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.